[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Commissioner of Motor Vehicles (Commissioner). On August 17, 1991, the Commissioner ordered the suspension of the plaintiff's operator's license for a period of eighteen months. This decision was based upon the hearing officer's finding that the plaintiff had caused or contributed to a fatal accident, in accordance with the requirements of Connecticut General Statute 14-111(c).
The essential facts of the case are undisputed. The plaintiff, Lynn Pickles, is employed by the Connecticut Department of Transportation (DOT). On November 18, 1988, the plaintiff was operating a DOT dumptruck on Interstate 95 (I-95) in conjunction with her assigned duties, which at the time of the accident had included routine maintenance and repair work on state highways, roads, and bridges. At 10:50 A.M., the plaintiff exited I-95 Northbound at Exit 43 and proceeded to her predetermined dumpsite with a dumptruck filled with loam. Exit ramp 43 is posted with two signs which read "No Trucks". As the plaintiff began to descend the exit ramp, she realized that her brakes were failing. Attempts to slow the vehicle were unsuccessful and the truck continued down the ramp and eventually on through a red traffic light, which was located at the bottom of the ramp. Initially, the plaintiff was required to make a left hand turn at the base in order to reach her point of destination, but because of the circumstances she elected to make a right hand turn in an effort to slow the vehicle and to avoid a collision, if possible. The dumptruck overturned and landed on top of the vehicle containing the decedent Frank A. Giaimo.
On May 23 and July 18, 1991 an administrative hearing was held before the hearing officer at the Connecticut Department of Motor Vehicles. Based upon the record before him the hearing officer concluded:
 That Lynn F. Pickles caused or contributed and is responsible for the death of Frank A. Giaimo in that she failed to keep her vehicle under proper control, in that she failed to obey the traffic control signage on I-95 exit ramp and in that she was operating at an unreasonable speed.
CT Page 3854
The plaintiff then filed this appeal of the administrative decision.
The Court is limited in the scope of its judicial review of this case. This appeal is governed by 4-183 Connecticut General Statutes. Thus, this court cannot substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may reverse an administrative decision if the decision is clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.
 I.
The hearing officer concluded as a matter of law that the plaintiff was operating the truck at an unreasonable rate of speed. The hearing officer found that the plaintiff had acted negligently in operating her motor vehicle at an unreasonable rate of speed.
The record indicates that the plaintiff was traveling at a speed of 11 miles per hour at the time of the skid. There was no evidence that the plaintiff was traveling in excess of the posted speed nor that she was traveling at an unreasonable speed. (May 23, 1991, R. p. 87).
Further, testimony indicated that eleven miles per hour would be a reasonable rate of speed for a left hand turn at the base of the exit ramp. As was required by her assignment that day, the plaintiff was supposed to be making a left hand turn at the base of the ramp. The plaintiff turned right, only after she discovered the malfunction with the brakes, in an attempt to avoid a collision with other vehicles at the intersection.
The court finds that the record does not sustain the hearing officer's conclusion that the plaintiff was operating the motor vehicle at an unreasonable rate of speed.
 II.
The hearing officer concluded that the plaintiff failed to keep her vehicle under proper control. The plaintiff did not come to a complete stop at the bottom of the ramp due to the failure of the braking system of the truck. The record indicates there were several defects within the vehicle, including an inadequate braking system which the plaintiff would not be reasonably expected to CT Page 3855 know.
There was sufficient credible testimony that the braking system was inadequate and that the brakes were not holding sufficiently. There was uncontroverted testimony from the expert concerning the inadequacy of the braking system: "the brake system was too small to be able to bring the truck to a proper stop for the condition that existed on Ramp 43." (Record, July 18, 1991, pg. 23).
An examination of the vehicle by the West Haven Police Department found the vehicle to be in good mechanical condition "other than the brakes not holding sufficiently." The plaintiff would not be expected to know that the braking system on the vehicle was inadequate. The plaintiff was not responsible for the maintenance of the vehicle specifically with reference to the braking mechanism.
The court finds that the record does not sustain the hearing officer's conclusion that the plaintiff failed to keep her vehicle under proper control.
Rather, the record indicates that the plaintiff did everything she could to keep the vehicle under proper control, including down shifting and attempting to put the vehicle in reverse, in addition to applying the brakes.
 III.
The hearing officer concluded that the plaintiff was legally unable to use Exit 43 as part of her assigned duties and held her personally responsible for so doing.
The S T C Regulation, 14-298-237 in effect exempts personnel of the DOT from traffic control signage regulations when engaged in official duties. The record indicates the plaintiff was following and had followed another employee to the dumpsite and was using the exit ramp as part of her work assignment. The plaintiff's failure to obey the no truck prohibition was not the cause of the accident. Further, violation of the traffic control signage is not negligence per se.
The plaintiff was engaged in her official duties and was exempt from the traffic control signage on the exit ramp. The hearing officer's conclusion that as a matter of law the plaintiff CT Page 3856 was legally unable to use exit ramp 43 as part of her assigned duties cannot stand. As the plaintiff points out in her brief, trucks and other repair equipment frequently travel on the Merrit Parkway and Wilbur Cross Parkway in connection with their official maintenance duties, although such commercial vehicles are prohibited from these highways.
Conclusion
For the foregoing reasons, the Court sustains the plaintiff's appeal.
COPPETO, J.